UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID FLETCHER           ]
    Plaintiff,         ]
                         ]
v.                       ]        No. 3:16-0750
                         ]        Judge Campbell
JIM GRANT, et al.        ]
    Defendants.       ]

# M E M O R A N D U M

    The plaintiff, proceeding *pro se*, is a resident of Nashville. He brings this Bivens action against Jim Grant, a Tennessee State trooper assigned to a federal task force, and Kevin Koback, a member of the U.S. Marshal's Office in Nashville, seeking declaratory relief and damages.[1]

    According to the complaint and its attachment, the defendants seized the plaintiff's automobile pursuant to instructions from the U.S. Attorney's Office and have failed to return it to him. The plaintiff claims that the seizure was made without probable cause and took place in October, 2010. Docket Entry No. 1 at pg. 6.

    The complaint arrived in the Clerk's Office on April 18, 2016. The plaintiff's claim arose when his vehicle was seized in October, 2010. Thus, it appears that this action is time-barred by the one year statute of limitations imposed upon Bivens claims brought in Tennessee. Pike v. United

---

[1] The plaintiff is suing federal officers for an alleged violation of his Fourth Amendment rights. Thus, this action is construed as one brought pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 390-397 (1971).

1

States, 868 F.Supp.2d 667, 679-680 (M.D. Tenn. 2012); Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir.1997). Nothing in the complaint suggests that the statute should be tolled so as to permit the untimely filing of the complaint. The Court, therefore, concludes that the plaintiff has failed to state a claim upon which relief can be granted because this action is untimely. Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir.2001)(*sua sponte* dismissal of an untimely complaint is appropriate). Under such circumstances, the Court is obliged to dismiss the complaint. 28 U.S.C. § 1915(e)(2).

      An appropriate order will be entered.

                                          Todd Campbell
                                          United States District Judge